**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Criminal No. 02-CR-80713-DT
                                        Civil Case No. 06-CV-11127-DT

PAUL SUMMERS CHAPMAN,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

Pending before the court is Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence," filed March 15, 2006. For the reasons set forth below, the motion will be denied.

**I. BACKGROUND**

Defendant was indicted by a federal grand jury on August 7, 2002. The indictment charged him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); two counts of possession with attempt to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1); one count of possession with attempt to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1); and one count of possession with attempt to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1). Defendant went to trial, was convicted on February 3, 2003, and was sentenced to 120 months' imprisonment on counts one and five, and 360 months imprisonment on counts two, three and four.

Defendant now seeks to vacate his sentence, claiming that (1) the court improperly denied his pretrial motion to suppress evidence and to determine the identity, criminal history and bargains of the confidential informant; (2) his trial attorney rendered ineffective assistance to him because (A) his attorney advised him that trial was a better option than the plea offer, (B) his attorney failed to investigate the warrant affidavit or to raise challenges to the reliability of the dog's alert, the basis for probable cause, (C) his attorney failed to challenge the district court's denial of pretrial motions and the § 851 information, (D) his attorney failed to file Rule 29, 33 and 35 motions, (E) his attorney failed to investigate the presentence investigation report; and (3) under *United States v. Booker*, 543 U.S. 220 (2005) his sentence violated Fifth and Sixth Amendment rights.[1]

For the reasons set forth below, the court will deny Defendant's motion.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be

---

[1] Although Defendant brought four claims in his § 2255 motion, claims three and four both rely, essentially, on arguments related to *United States v. Booker*.

obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### III.  DISCUSSION

### A.  Pretrial evidentiary rulings

Defendant has had an opportunity to litigate his challenge to the court's denial of his motion to suppress evidence and his motion to determine identity, criminal history and bargains of the confidential informant. A defendant cannot "relitigate" issues in a § 2255 motion. *DuPont v. U.S.,* 76 F.3d 108, 110 (6th Cir. 1996) ("A §2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." (citations omitted)). Fourth Amendment claims cannot be subjected to collateral review where a defendant had a "full and fair" opportunity to litigate the claim on direct appeal. *See Stone v. Powell,* 428 U.S. 465, 494 (1976).

Defendant argues that he has not had a full and fair opportunity to litigate these claims because, essentially, he did not succeed on his arguments on direct appeal. (*See* Def.'s Reply Br. at 2.) Nonetheless, Defendant is asserting exactly the same claims he litigated before this court and on direct appeal. Collateral review of Defendant's Fourth Amendment claims is therefore barred. *United States v. Ishmael,* 343 F.3d 741, 742 (5th Cir. 2003) ("We do not reach the merits of Ishmael's § 2255 petition because we hold that he had a full and fair opportunity to litigate his Fourth Amendment claim in pre-trial proceedings and on direct appeal."); *Jennings v. Rees,* 800 F.2d 72, 76 (6th Cir. 1986).

### B. Ineffective Assistance of Counsel

In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance"). It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "Deficient" lawyering requires professional service that was worse than merely "inadequate; rather it . . . [means a performance that] was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

### (1) Defendant's rejection of plea offer and choice of trial

Defendant claims that he received ineffective assistance of counsel, essentially because his lawyer failed to advise him of the risks of proceeding to trial. Defendant claims in his motion that his "counsel advised . . . trial was a better option than plea offer," but he fails to offer support for his claim that attorney Lakin ineffectively counseled him. Defendant does not detail anything about his decision to demand a trial.

On January 23, 2003, a final pretrial conference was held on the record. During that hearing, the court extensively questioned Defendant before he finally rejected the

government's plea offer. The court prefers to accept Defendant's statements made at that time, without the benefit of 20-20 hindsight from his prison cell.

During the conference, the court explained in great detail on the record that a decision to reject a plea offer and to proceed to trial must be the defendant's own choice. It could not be any more clear that this decision, although perhaps a risky one, was entirely Defendant's:

| | |
|---|---|
| THE COURT: | You've had plenty of time to go over this with your attorney, is that right? |
| RESPONDENT: | Yes. |
| THE COURT: | You understand the proposed guilty plea, is that correct? |
| RESPONDENT: | Yes. |
| THE COURT | And you would prefer to go to trial, am I correct about that, sir? |
| RESPONDENT: | That is correct. |
| THE COURT: | And you do understand that if you go to trial and are convicted, it appears that the minimum sentence that you would receive would be thirty years of imprisonment? |
| RESPONDENT: | Yes. |

(Jan. 23, 2003 Final Pretrial Hrg. at 4.) The court concluded its questioning of Defendant:

| | |
|---|---|
| THE COURT: | Just exactly the same situation as your decision to go to trial. That is on your shoulders. It's not the lawyer's choice. It's your choice. Right? |
| RESPONDENT: | Right. Yes, I understand. |
| THE COURT: | Okay. And [you're][2] not going to tell [me] anything to the contrary in any motions that you file years from now or anything of that sort. |
| RESPONDENT: | In the event, *you won't get any correspondence from me complaining about what I can and cannot do. I'm aware of my rights.* |

(Jan. 23, 2003 Final Pretrial Hrg. at 25 (emphasis added).)

---

[2] Certain likely transcription errors are noted for clarity.

5

From the extensive discussion on the record, in which every detail of the proposed plea offer versus the consequences of trial was explained, it is abundantly clear that Defendant knew that there was a distinct possibility that a conviction could result from a trial and that substantial sentence of some thirty years would be imposed upon conviction. Even if it were true that his attorney counseled him that his chances at trial looked good, or something similar, it remains unequivocally true that it was Defendant himself who made the decision. It was he, not his attorney, who opted for trial and with it a *chance* of acquittal.

While the court recognizes that an ineffectively counseled decision to reject a plea offer falls within the Sixth Amendment right to counsel, *see Turner v. State of Tennessee,* 858 F.2d 1201 (6th Cir. 1988) (vacated on other grounds), it may actually have been true that "trial was a better option," as Defendant says his attorney counseled. The certainty of a sentence of nearly sixteen years was facing Defendant in the proposed Rule 11. The possibility of outright escape beckoned him through trial. A reasonably well-informed defendant must calculate for himself the more efficient bargain, and chose. Defendant was reasonably well-informed. His claim alleging ineffective assistance of counsel concerning his decision to demand a trial is frivolous, and it is rejected.

### (2) Reliability of the Police Dog Alert

Defendant claims that his attorney was ineffective because the Sixth Circuit found that the dog alert issue was forfeited since it had not been challenged in the district court. *United States v. Chapman,* 112 F. App'x 469-70 (6th Cir. 2004). The Sixth Circuit, however, went on the examine the issue, and found that, even assuming

6

plain error, the search was nonetheless justified under the "good faith" exception to the warrant requirement. *Id.* Defendant's claim fails because even if counsel's performance in this regard was deficient, he cannot show prejudice. *United States v. Cox,* 826 F.2d 1518, 1525 (6th Cir. 1987). Defendant's claim is rejected.

### (3) Failing to "challenge" court's denial of motions; the 851 information

Defendant claims next that his attorney's performance was deficient because he did not "challenge" this court's denial of various pretrial motions and the government's filing of the 851 information. Defendant does not describe how his attorney's performance in this regard was ineffective, what he thinks should have been done to "challenge" such matters or how he was prejudiced. This court's denial of the pretrial motions came after full hearings on the record on all motions; an evidentiary hearing was held on the motion to suppress Defendant's statement. Defendant does not present evidence that this court would have reconsidered or reversed its decision if a "challenge" had been raised.

The government filed a § 851 information that gave Defendant notice that five prior felony drug convictions would be brought forward in order to increase the mandatory minimum and maximum sentences for counts two through five. Defendant provides no argument or reasoning why his attorney should have (or legitimately could have) objected to the information or how a failure to object amounted to ineffective assistance. Further, Defendant has provided no evidence that would have supported a challenge.

Finally, as the government points out, even though Defendant's convictions served to increase the statutory mandatory minimum sentence to 10 years in counts

two, three and five, the *minimum* guideline sentence based on his career offender status was 30 years.  Thus, if the § 851 information were to have been successfully challenged, Defendant still would have been subject to the same minimum sentence of thirty years under the guidelines.  Defendant's claim is rejected.

### (4) Failing to file Rule 29, 33 and 35 motions

Defendant claims next that his attorney was ineffective because he failed to file motions under Federal Rules of Criminal Procedure 29, 33 and 35.

Defendant gives the court no analysis or reasoning supporting the idea that his attorney's performance was deficient or in what way he was prejudiced.  His claims fail.

First, Rule 29 allows the defendant to move for a judgment of acquittal.  Although Defendant claims that his counsel failed to make this motion, the record shows clearly that he did.  The motion was denied on the record.  Defendant's allegation in this regard is frivolous.

Next, Rule 33 allows the defendant to move to "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  Although Defendant claims that trial counsel was constitutionally deficient by failing to file a motion under Rule 33, and implicitly that "manifestly serious error" by trial counsel prejudiced him, *Strickland,* 466 U.S. at 687-96, Defendant suggests to the court no basis on which trial counsel should have (or could have) moved for a new trial under Rule 33.

Finally, Rule 35, provides, among other things, that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  No "clear error" under Rule 35 is argued

by Defendant in his motion, and the court can conceive of none. There is accordingly no indication that the court might have granted any such motion.

A trial attorney cannot be deficient for failing to offer baseless motions that could not have succeeded; prejudice cannot result from a failure to make motions which had no chance of success. Defendant's claims are rejected.

### (5) Failing to investigate the presentence report

Defendant next argues alleges that his attorney was ineffective for failure to investigate the Presentence Investigation Report and because his attorney allegedly "was not learned in" the sentencing guidelines.[3] (Def.'s Mot. at 6-7.) Defendant fails to explain what should have been "investigated" that was not, or how such failure prejudiced him.

The record shows that Defendant had ample opportunity to review the report and communicate any concerns or objections he may have had. On May 6, 2003, a sentencing hearing was held at which the Defendant claimed that he had not yet reviewed the report, and the court granted an immediate recess to allow counsel and Defendant to go over the report. After a thirty-minute recess, Defendant raised no objections. Defendant was given a fair opportunity to object to the report before sentence was imposed, and he did not. Defendant fails to present, even at this late stage, any basis for objecting to the report. No ineffective assistance is shown.[4]

---

[3]This argument is found both in Defendants second ground for relief and his third ground for relief.

[4]The court will not address Defendant's final argument related to ineffective assistance of counsel. Specifically, Defendant argues that "Counsel's representation [was] ineffective and deficient due to desire an anticipation of blow up and excessive fees." (Def.'s Mot. at 6.) Not only is this argument incomprehensible, but it also fails to

9

### C. Sentence in violation of Fifth and Sixth Amendment rights

Defendant's remaining arguments raise *Apprendi/Booker* claims, alleging that his sentence, imposed under the then-mandatory sentencing guidelines, violated the Constitutuion. *See United States v. Booker*, 543 U.S. 220 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This claim also fails.

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court applied this rule to state sentencing guidelines in *Blakely v. Washington*, 542 U.S. 296 (2004). The *Blakely* Court specified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."* *Id.* at 303 (emphasis in original). The Court found that the defendant's enhanced sentence issued under the State of Washington's sentencing procedures violated the Sixth Amendment based on the rule in *Apprendi*. *See id.* at 305-06.

The United States Supreme Court has held that the rule set forth in *Blakely* applies to the United States Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). More specifically, the *Booker* Court applied the principles in *Blakely* to hold that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy this constitutional violation, the Court

---

explain how his attorney's alleged "desire" or "anticipation" somehow prejudiced his defense. *See Strickland*, 466 U.S. at 687. This claim is therefore rejected.

severed two sections of the Sentencing Reform Act (the "SRA"), making the Sentencing Guidelines effectively advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

The *Booker* Court provided that its holding was to be applied "to all cases on direct review." *Id.* at 268. However, the Supreme Court did not extend *Booker* to petitions seeking post-conviction relief. The Sixth Circuit has expressly held that *Booker* does not apply retroactively to cases on colletaral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Indeed, as another court in this district has noted, "courts in all eleven circuits and the D.C. Circuit have likewise held that *Booker* does not apply retroactively on collateral review." *Eaddy v. U.S.*, No. 94-50015, 2005 WL 2072101, *1 (E.D. Mich. Aug. 25, 2005) (Gadola, J.) (citing *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005); *Guzman v. United States,* 404 F.3d 139, 144 (2d Cir. 2005); *Lloyd v. United States,* 407 F.3d 608 (3d Cir. 2005); *Daniel v. United States,* 2005 U.S. Dist. LEXIS 11509 (N.D.W.Va. 2005) (unpublished); *In re Elwood,* 2005 U.S.App. LEXIS 7343 (5th Cir. 2005) (unpublished); *Humphress,* 398 F.3d at 63; *McReynolds v. United States,* 397 F.3d 479, 480-81 (7th Cir. 2005); *Clark v. United States,* 2005 U.S. Dist. LEXIS 11148 (D. Minn. 2005); *Hewett v. United States,* 2005 U.S. Dist. LEXIS 10910 (D. Haw. 2005)(unpublished); *Bey v. United States,* 399 F.3d 1266, 1269 (10th Cir. 2005); *Varela v. United States,* 400 F.3d 864, 866-68 (11th Cir. 2005); *United States v. Agramonte,* 366 F.Supp.2d 83, 89 (D.D.C. 2005)). Accordingly, *Booke*r does not apply to Defendant's post-conviction motion.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Dkt # 57] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522