**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Petitioner,

v.

                                             Crim. No. 02-CR-80713-DT
                                             Civil No. 06-CV-11127-DT

PAUL SUMMERS CHAPMAN,

    Defendant.
                                           /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY**

On July 31, 2006, the court issued an "Order Denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." Defendant Paul Summers Chapman has appealed that order, and the Sixth Circuit has informed him that it would not review his appeal until this court resolves his liability for the appellate filing fee and determines whether to issue a certificate of appealability. (*See* 09/13/06 Letter.) For the reasons set forth below, the court will grant Defendant's application to proceed *in forma pauperis* and will decline to issue a certificate of appealability.

**I. BACKGROUND**

Defendant was indicted by a federal grand jury on August 7, 2002. The indictment charged him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); two counts of possession with attempt to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1); one count of possession with attempt to

1

distribute heroin in violation of 21 U.S.C. §§ 841(a)(1); and one count of possession with attempt to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1).  Defendant went to trial, was convicted on February 3, 2003, and was sentenced to 120 months imprisonment on counts one and five, and 360 months imprisonment on counts two, three and four.

Defendant filed a notice of appeal, and the Sixth Circuit affirmed Defendant's conviction on October 19, 2004.  Defendant then filed a motion to vacate sentence under 28 U.S.C. § 2255, which this court denied on July 31, 2006.  Defendant appealed, and on September 13, 2006, the Sixth Circuit notified him that before his § 2255 appeal could proceed, he needed to obtain a certificate of appealability from this court, and either pay his application fee or file a motion for pauper status with this court.  On October 23, 2006, Defendant filed his application to proceed without prepayment of fees.

## II.  CERTIFICATE OF APPEALABILITY

On September 13, 2006, the United States Court of Appeals for the Sixth Circuit notified Petitioner that it would not review Petitioner's appeal until this court issued an order addressing whether to certify any issue for appeal.  Under Federal Rule of Appellate Procedure 22(b)(1), a district court that denies a motion under § 2255 must issue an order either granting or denying a certificate of appealability before an applicant may appeal.  See Fed. R. App. P. 22(b)(1) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.").  The court declines to issue a certificate because reasonable jurists would not disagree with the court's conclusion

that relief was not warranted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that district court should not grant a certificate of appealability unless "[t]he petitioner . . . demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

### A.  Pretrial Evidentiary Rulings

In his motion under 28 U.S.C. § 2255, Petitioner first argued that because he did not succeed on direct appeal, he has not had a full and fair opportunity to litigate his challenge to the court's pretrial evidentiary rulings denying his motion to suppress evidence and his motion to determine the confidential informant's identity, criminal history, and bargains. The court rejected this claim, finding that Petitioner had an opportunity to litigate the court's pretrial evidentiary rulings both in this court and on direct appeal, precluding collateral review on these issues. Reasonable jurists would not find the court's assessment of Petitioner's claim debatable or wrong.

### B.  Ineffective Assistance of Counsel

Petitioner next claimed that his counsel was ineffective for a number of reasons. First, he argued that his lawyer was ineffective because he failed to advise Petitioner of the risks of proceeding to trial. The court rejected Petitioner's claim because a review of the record reveals that during the pretrial conference, the court detailed the consequences of trial versus the proposed plea offer and that Petitioner both chose to pursue trial and understood the consequences. Reasonable jurists would not disagree.

Second, Petitioner contended that his counsel was ineffective for failing to contest at trial the reliability of the police dog alert. On appeal, however, the Sixth Circuit not only noted that Petitioner forfeited the issue, but also examined the issue on

3

the merits, finding that the search was nonetheless justified under the good faith exception to the warrant requirement.  Accordingly, this court found that Petitioner failed to make a showing of prejudice.  Reasonable jurists would not find the court's assessment of Petitioner's claim debatable or wrong.

Third, Petitioner argued that his counsel was ineffective for failing to challenge the court's denial of various pretrial motions and the government's filing of the § 851 information.  The court rejected Petitioner's argument because Petitioner failed to describe how his attorney's performance was ineffective, what he thought his attorney should have done to challenge these matters, or how Petitioner was prejudiced.  Specifically, the court found that (1) all pretrial motions were denied after full hearings on the record, including an evidentiary hearing on the motion to suppress; (2) Petitioner provided no basis on which his attorney could legitimately have objected to the § 851 information; and (3) even if the § 851 information were to have been successfully challenged, Petitioner would have been subject to the same minimum sentence of thirty years under the guidelines.  Reasonable jurists would not disagree.

Fourth, Petitioner contended that his attorney was ineffective for failing to file motions under Federal Rules of Criminal Procedure 29, 33, and 35.  The court found that the record clearly shows that Petitioner's attorney did in fact make a Rule 29 motion, which was denied on the record.  The court also found that Petitioner failed to present any basis on which his counsel could have moved for a new trial under Rule 33 or requested the court to correct a clear sentencing error under Rule 35.  Reasonable jurists would not find the court's assessment of Petitioner's claim debatable or wrong.

Fifth, Petitioner claimed that his trial counsel was ineffective because he failed to investigate the Presentence Investigation Report. The court found that during the sentencing hearing, the court granted Petitioner a thirty-minute recess to go over the report with his counsel. After the recess, Petitioner raised no objections, and did not provide any basis for objecting to the report in his § 2255 motion. Accordingly, the court denied Petitioner's claim because he failed to explain what should have been investigated or how he was prejudiced. Reasonable jurists would not disagree.

Finally, Petitioner argued that "Counsel's representation [was] ineffective and deficient due to desire an anticipation of blow up [sic] and excessive fees." (Def.'s Mot. at 6.) The court did not address this claim, finding Petitioner's claim to be incomprehensible and devoid of any explanation of how this prejudiced his defense. Reasonable jurists would not find the court's assessment of Petitioner's claim debatable or wrong.

### C. Sentencing

In his § 2255 motion, Petitioner also alleged that his sentence, imposed under the then-mandatory sentencing guidelines, violated the Constitution under *United States v. Booker*, 543 U.S. 220 (2005). The court rejected his claim, finding that *Booker* does not apply to Petitioner's sentence because the Supreme Court did not extend *Booker* to petitioners seeking post-conviction relief, and the Sixth Circuit has expressly held that *Booker* does not apply retroactively to cases on collateral review. The court declines to issue a certificate of appealability on Petitioner's sentencing claim because reasonable jurists would not disagree with the court's conclusion on this claim.

5

### III. IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Here, Petitioner asserts that he is indigent and that his appeal is taken in good faith. Petitioner also submits the requisite affidavits to support his request for an *in forma pauperis* proceeding. Thus, the court is satisfied that Petitioner's *in forma pauperis* proceeding request is warranted, and his appeal is taken in good faith. Although this Court has determined that reasonable jurists would not find its resolution of Petitioner's claims to be debatable or wrong, this does not render Petitioner's claims frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997) (explaining that the standard for issuing a certificate of appealability is a higher threshold than the standard for granting *in forma pauperis* status). Therefore, the court will grant Petitioner's request to proceed without prepayment of fees or costs.

### IV. CONCLUSION

IT IS ORDERED that Petitioner's "Application to Proceed *In Forma Pauperis*" [Dkt. # 66] is GRANTED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

                                                S/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: November 9, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522