**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   Case No. 02-80713

PAUL CHAPMAN,

        Defendant.

_____/

### OPINION AND ORDER GRANTING DEFENDANT'S
### MOTION TO REDUCE SENTENCE

Defendant Paul Chapman was convicted by jury on February 3, 2003, of felon in possession of a firearm, 18 U.S.C. § 922(g), possession with intent to distribute cocaine base, 21 U.S.C. § 841(a), possession with intent to distribute heroin, 21 U.S.C. § 841(a), possession with intent to distribute cocaine, 21 U.S.C. § 841(a), and possession with intent to distribute marijuana, 21 U.S.C. § 841(a). (ECF No. 37, PageID.141.) On May 5, 2003, the court sentenced him to 120 months' imprisonment for his firearm offense, 120 months' imprisonment for his marijuana offense, and 360 months' imprisonment for each for his cocaine base, heroin, and cocaine offenses. (*Id.*, PageID.142.) All five terms of incarceration were to be served concurrently. (*Id.*)

Defendant moves to reduce his sentence pursuant to the First Step Act ("FSA"). (ECF Nos. 85, 86.) On May 13, 2021, the government and Defendant filed a stipulation stating that Defendant is eligible for a reduction in sentence under FSA. (ECF No. 89.) Accordingly, the parties filed sentencing memoranda. (ECF Nos. 90, 91.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R.

7.1(f)(2). The court will grant Defendant's motion and reduce his sentence to time served.

In August 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. The law "increased the threshold quantities of crack cocaine needed to trigger the mandatory statutory penalties in the Anti-Drug Abuse Act of 1986." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020); *accord United States v. Marty Landon Smith*, 959 F.3d 701, 702 (6th Cir. 2020). Specifically, "it increased the threshold quantity of crack cocaine in 21 U.S.C. § 841(b)(1)(A)[(iii)] from 50 grams or more to 280 grams or more" and "the threshold quantity of crack cocaine in 21 U.S.C. § 841(b)(1)(B)[(iii)] from 5 grams or more to 28 grams or more." *Boulding*, 960 F.3d at 777.

For his crime of possession with intent to distribute cocaine base, Defendant was found to have possessed 12 grams and was sentenced under 21 U.S.C. § 841(b)(1)(B)(iii). (ECF No. 89, PageID.350.) Thus, while the amount fell above the 5-gram quantity threshold before the Fair Sentencing Act, it fell below the new threshold after the act of 28 grams. 21 U.S.C. § 841(b)(1)(B)(iii); *Boulding*, 960 F.3d at 777. (ECF No. 89, PageID.350.)

In December 2018, Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the act states that if a prisoner, before August 3, 2010, violated "a Federal criminal statute . . . the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," the prisoner could move the sentencing court to "impose a reduced sentence as if [the reduced statutory penalties]

were in effect at the time the covered offense was committed." First Step Act § 404(a), (b).

The parties agree that Defendant qualifies for a reduction in sentence pursuant to the First Step Act. (ECF No. 89, PageID.350.) Defendant violated a criminal statute "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a). As described above, the quantity threshold for penalties imposed under 21 U.S.C. § 841(b)(1)(B)(iii) was increased under the Fair Sentencing Act, *Boulding*, 960 F.3d at 777, and a § 841(b)(1)(B)(iii) penalty was imposed for Defendant's conviction of possession with intent to distribute cocaine base. (ECF No. 89, PageID.350.)

The court has the statutory authority to reduce Defendant's sentence for distributing cocaine base. *See United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."). Title 18 U.S.C. § 3582(c)(1)(B) allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The Sixth Circuit has held that "a sentence reduction under the First Step Act is a § 3582(c) modification." *United States v. Lakento Brian Smith*, 958 F.3d 494, 498 (6th Cir. 2020) (citing *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019)).

In addition to Defendant's sentence of 360 months' imprisonment for distribution of cocaine base offense, he was also sentenced to 360 months' imprisonment for his distribution of heroin and cocaine offenses. (ECF No. 37, PageID.141.) Even if the cocaine base conviction were not included in the court's judgment, Defendant would still

be serving the same length of time. Neither party contends that distribution of heroin and cocaine offenses under 21 U.S.C. § 841(a) had statutory penalties "modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a). (ECF No. 89, PageID.350.) Therefore, the heroin and cocaine offenses are not covered by FSA. First Step Act § 404(a).

The court is not aware of Sixth Circuit precedent permitting a reduction in sentence for offenses not covered by the FSA based solely on the fact that the defendant was also sentenced for an offense covered by the FSA. In *United States v. Stuckey*, the Sixth Circuit affirmed a district court's denial of FSA resentencing where a defendant was sentenced to life imprisonment for both conspiracy to distribute cocaine base and for murder. Case No. 20-1565, 2021 WL 2470308 (6th Cir. Feb. 8, 2021). The court cited the "concurrent-sentence doctrine" and noted that "[r]egardless of his sentence for the drug-conspiracy conviction, [the defendant's] conviction for murder . . . required a sentence of life imprisonment." *Id.* at *2. Further the court rejected the argument that "the district court had the authority to resentence him on all counts of conviction, including counts that do not constitute 'covered offenses' under the First Step Act" at least in part because the murder conviction was statutorily mandated. *Id.* at *2. Similarly, in *United States v. Mitchell*, the defendant pleaded guilty to both conspiracy to distribute both powder cocaine and cocaine base, which had "the same statutory penalty." 832 F. App'x 387, 387 (6th Cir. 2020). The court declined to resolve whether "hybrid or 'multi-object' offenses" were subject to sentence reductions under the FSA because the record demonstrated that the defendant was sentenced solely for the cocaine base offense. *Id.* at 389.

4

Nonetheless, other circuits have held that district courts may reduce sentences for non-covered offenses when they were made in conjunction with sentences for covered offenses. *See United States v. Hudson*, 967 F.3d 605, 610-11 (7th Cir. 2020) ("[A] court is not limited under the text of the First Step Act to reducing a sentence solely for a covered offense."); *accord United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020). Here, the parties have stipulated that the court may reduce Defendant's non-covered offenses "if the court determines that a different sentence on the non-covered counts would have been imposed had section 2 of the Fair Sentencing Act been in effect at the original sentencing." (ECF No. 89, PageID.350.) Given that this issue is uncontested, the court holds that it may reduce the sentence of all of Defendant's offenses, including those not covered by the FSA. The standard stipulated to by the parties appropriately limits a sentence reduction for non-covered offenses only to circumstances where the FSA would have impacted the sentencing of the non-covered offenses. *See Stuckey*, 2021 WL 2470308, at *2 (affirming denial of an FSA sentence reduction where the FSA would have had no impact on a sentence for a concurrent offense); First Step Act § 404(b) (emphasis added) (permitting the court to "impose a reduced sentence *as if sections 2 and 3 of the Fair Sentencing Act were in effect* at the time the covered offense was committed").

While the court has authority to reduce Defendant's sentence, 18 U.S.C. § 3582(c)(1)(B), First Step Act § 404(b), it is not required to. *United States v. Ware*, 964 F.3d 482, 486 (6th Cir. 2020) (quoting First Step Act § 404(c)) ("[T]he First Step Act expressly provides that '[n]othing in . . . section [404] shall be construed to require a court to reduce any sentence pursuant to this section.'"). The court "must consider the

5

factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended guidelines range, and then ensure that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing." *United States v. Flowers*, 963 F.3d 492, 498 (6th Cir. 2020); *accord United States v. Allen*, 956 F.3d 355, 357-58 (6th Cir. 2020). Defendant is "not entitled to a plenary resentencing." *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020) (quoting *Alexander*, 951 F.3d at 708). However, "the resentencing decision under the First Step Act must not only be procedurally reasonable but substantively reasonable." *Boulding*, 960 F.3d at 783.

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Defendant began serving his sentence in February 2003. (ECF No. 89, PageID.350.) He has served 221 months, or 18 and a half years, in prison. (*Id.*) The parties agree that were Defendant sentenced today, his advisory guideline range would be 135 to 168 months.[1] (*Id*, PageID.351.)

In Defendant's sentencing memorandum, he lists numerous rehabilitation programs he has participated in while incarcerated. He has taken advantage of at least 84 hours of rehabilitation programing, earned his GED, and completed drug-abuse treatment. (ECF No. 90, PageID.353.)

Nonetheless, prior to his incarceration for the instant offenses, Defendant had a long history of criminal activity. Prior to his arrest in October 2001, Defendant was convicted on separate occasions of attempted possession of cocaine, delivery of cocaine, possession with intent to deliver cocaine and felony firearm, attempted possession with intent to distribute cocaine, and possession of cocaine less than 25 grams. (ECF No. 91, PageID.367.) Despite several periods of incarceration, by 2001, Defendant had amassed numerous firearms and controlled substances, and he was clearly engaged in drug trafficking activities. At his residence, police discovered three

---

[1]    This guideline range is in part based on the finding that Defendant would not qualify as a career-offender under current Sixth Circuit caselaw. *See United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Presumably, this guideline range considers both Defendant's FSA covered and his non-covered offenses. However, as explained above and as the parties stipulated to, the court may reduce Defendant's non-covered offenses only to the extent that "a different sentence on the non-covered counts would have been imposed had section 2 of the Fair Sentencing Act been in effect at the original sentencing." (ECF No. 89, PageID.350.) Thus, while this change in career-offender qualification may affect resentencing of the covered offense, the court's primary consideration for the non-covered offenses is whether the revised penalties for Defendant's cocaine base offense under the Fair Sentencing Act would have impacted sentencing for his non-covered offenses.

firearms, ammunition, 106 grams of cocaine, 12.5 grams of crack cocaine, 171.6 grams of heroin, 251 grams of marijuana, narcotics paraphernalia, and around $25,000 in cash. (*Id.*, PageID.367.)

In his past, Defendant was a recidivist drug trafficker. His behavior was dangerous to both himself and others, and the court rightfully imposed a lengthy sentence. However, Defendant is now 61 years old. (*Id.*, PageID.369.) He has served over 18 years in federal prison, and by all accounts he has behaved well and took advantage of several rehabilitation programs. (*Id.*, PageID.368-69; ECF No. 90, PageID.353.) Although the court is concerned that prior terms of imprisonment failed to deter Defendant from committing additional offenses,[2] the court believes that the amount of incarceration Defendant has served adequately afforded deterrence to both him and others, and ensured public protection. 18 U.S.C. § 3553(a)(2). The court does not believe Defendant is likely to return to criminal activity, or specifically drug trafficking activity. In addition, considering the nature and circumstances of Defendant's offenses and his history and characteristics, the court believes a reduction in sentence is justified. 18 U.S.C. § 3553(a)(1). Furthermore, Defendant's 221-month term of incarceration is well above his revised guideline range of 135 to 168 months. 18 U.S.C. § 3553(a)(4). (ECF No. 89, PageID.350-51.) Finally, the court believes an 18-year term of incarceration sufficiently reflects the seriousness of Defendant's offense, promotes respect for the law, and ensures just punishment. 18 U.S.C. § 3553(a)(2).

---

[2]      In fact, Defendant's criminal behavior apparently escalated from mere possession of cocaine in 1993 to drug trafficking and illegal firearm possession in 2001. (ECF No. 91, PageID.367.)

Thus, the court will reduce Defendant's sentence of possession with intent to distribute cocaine base from 360 months to 221 months imprisonment. 18 U.S.C. § 3582(c)(1)(B); First Step Act § 404(b). In addition, the court holds that it would have sentenced Defendant to 221 months imprisonment instead of 360 months for possession with intent to distribute heroin and for possession with intent to distribute cocaine had the Fair Sentencing Act been in effect at the time of Defendant's original sentencing. (*See* ECF No. 89, PageID.350.) A sentence reduction for the heroin and cocaine distribution offenses is warranted. (*Id.*)

In all, the court will reduce Defendant's aggregate sentence to time served. The court hopes that Defendant pursues fulfilling and productive life in free society. Accordingly,

IT IS ORDERED that Defendant's "Motion to Reduce Sentence" (ECF Nos. 85, 86) is GRANTED. Counts 1 and 5 each remain 120 months imprisonment. Counts 2, 3, and 4 are reduced from 360 months imprisonment to 221 months imprisonment. All counts run concurrently. Defendant's aggregate sentence is reduced from 360 months imprisonment to 221 months imprisonment. A separate judgment will issue.

s/Robert H. Cleland                          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                               /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\02-80713.CHAPMAN.MotiontoReduceSentence.RMK.docx